**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **VELMA TORRES,** | § | |
| **as next friend of M.G., a minor child,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-08-13** |
| | § | |
| **VICTORIA COUNTY, TEXAS; RISE** | § | |
| **KONARIK; HANNAH FARIAS; HAROLD** | § | |
| **MCLEMORE; and CARI HELWEG** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File Plaintiff's First Amended Original Complaint. Dkt. No. 26. Defendant has responded. Dkt. No. 27. Also pending is Defendant's Supplemental Motion to Dismiss. Dkt. No. 28. Plaintiff has responded to this motion. Dkt. No. 33. Having considered the motions, the responses, and the relevant law, the Court finds that Plaintiff's motion to amend should be GRANTED and Defendant's motion to dismiss should be GRANTED.

### Factual and Procedural Background

Plaintiff alleges that her son, M.G., was housed in a juvenile detention facility in Victoria County. She states that M.G. fell ill, but the facility's employees did not promptly or properly treat him, forcing him to fill out paperwork in order to be treated despite experiencing stomach pain severe enough to cause him difficulty moving in and out of his bunk. Once he was finally treated, Plaintiff claims, the facility told M.G. that he only had a stomach virus. A few days later, M.G. was released, whereupon Plaintiff took him directly to a doctor, who admitted him to the hospital, where

1

he underwent surgery for infected intestines and a perforated appendix.

The Court dismissed Plaintiff's original complaint for failure to state a claim on which relief could be granted. Dkt. No. 22. The Court granted Plaintiff leave to file an amended complaint. *Id.* Despite leave being granted, Plaintiff filed a motion for leave to amend. Dkt. No. 26. This motion was labeled "unopposed," but Defendant made clear that it opposed Plaintiff's attempt to add additional defendants to the lawsuit. Dkt. No. 27. Defendant did not articulate any grounds on which it based this opposition, however. Thus, the Court, having already granted leave to Plaintiff to amend, and, given the liberal standards for amendment under FED. R. CIV. P. 15(a),[1] GRANTS Plaintiff's motion to file an amended complaint. The remainder of this Order concerns Defendant's motion to dismiss the amended complaint that is now deemed filed by Plaintiff.

Plaintiff's amended complaint, besides attempting to remedy the deficiencies pointed out in the Court's order dismissing the original complaint, includes allegations against four individual defendants. These defendants are Hannah Farias ("Farias") and Cari Helweg ("Helweg"), nurses at the detention facility, and Rise Konarik ("Konarik") and Harold McLemore ("McLemore"), officers at the detention facility.

Plaintiff alleges that M.G. told Konarik that he was having severe stomach pains and was vomiting, and that Konarik told M.G. that he needed to complete a sick call slip before he could get medical attention. Plaintiff alleges that it was obvious to Konarik that completing this slip would be "an almost impossible task" because of his condition. Dkt. No. 26, Ex. A ("Am. Compl.") ¶ 12.

As to Farias, Plaintiff alleges that she treated M.G. with antacids and Pepto-Bismol "after only briefly looking him over . . . ." *Id.* ¶ 13.

---

[1] "[L]eave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a).

Plaintiff further alleges that M.G. was next treated by McLemore, an officer, not a nurse, who offered him more Pepto-Bismol. *Id.*

Finally, Plaintiff alleges that Helweg treated Plaintiff with Phenegran, but Plaintiff continued vomiting anyway. *Id.*

## Legal Standards

### A. Motion to Dismiss Standard

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in her favor. *See, e.g.*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957), "no set of facts" standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plausibility, as contrasted with speculation, is the touchstone: plaintiff must allege "enough facts to

state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 1974; *Nationwide Bi-Weekly Admin. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

**B. Municipal Liability Standard**

Under 42 U.S.C. § 1983, a county may be held liable only for constitutional violations resulting from policy or custom. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). There is no respondeat superior liability under section 1983. *Id.* Thus, to state a section 1983 claim against a municipality, Plaintiff must allege that "1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred [by a person acting under the color of state law]; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children v. G.B. Gunn*, 81 F.3d 521, 532-33 (5th Cir.1996). Plaintiff must also assert that the municipality's inadequate policy or custom was adopted with deliberate indifference to the constitutional rights of its citizens. *City of Canton v. Harris*, 489 U.S. 378, 387-91 (1989). To state a claim for "failure to train or supervise," Plaintiff must allege that the constitutional violation was a highly predictable consequence of such failure or failures. *Brown*, 520 U.S. at 409.

**C. Individual Liability Standard**

To bring a section 1983 claim against individuals, a plaintiff must contend that the alleged constitutional deprivation was intentional or due to deliberate indifference and not merely the result of negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992). A custodial official or health care worker is deliberately indifferent to an inmate's serious health or medical needs if he or she (1) is aware of facts from which an inference of an excessive risk to the prisoner's health or safety can be drawn and (2)

actually draws an inference that such potential for harm exists.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Farmer*, 511 U.S. 825).  Deliberate indifference requires less than conduct undertaken for the very purpose of causing harm, but more than negligence.  *See Farmer*, 511 U.S. 825.

## Analysis

### A. Victoria County

As to the section 1983 claim against the County, Plaintiff's response brief is almost word for word the same document it filed in response to Defendant's first motion to dismiss.  Plaintiff has made no effort to point the Court to the parts of her amended complaint that she believes remedy the defects the Court found in her original complaint.  Thus, the Court has made its own side-by-side comparison of the complaints.  Outside of the allegations against specific individual defendants, a few elements of flavor, and some legal argumentation, the major change is the following addition to paragraph twenty-five:

> As Plaintiff has plead, Defendant County had actual and/or constructive knowledge that M.G. had medical complaints of sever [sic] stomach pain.  Furthermore, Defendant County was aware that M.G. was having trouble sitting-up [sic], standing-up [sic] and/or walking due to this severe pain.  In response, Defendant County gave M.G. superficial treatment, namely in the form of antacids and pepto-bismal, [sic] that did not meet a level of reasonable/adequate medical care.  Defendant County had notice of M.G.'s medical complaints on or about March 24, 2007, and they failed to have a licensed physician treat him over the next eight days of his incarceration.  Defendant County did not even attempt to schedule him an appointment with a physician during that time.  Such evidence clearly shows that Defendant County had the required knowledge concerning M.G.'s medical needs, failed to address those needs on numerous occasions establishing an accession to failing to provide him with adequate medical treatment, and such was the custom and/or policy of Defendant County.  Moreover, the medical staff of Defendant County lacked supervision by a licensed physician and lacked proper training to deal with the medical needs of individuals under their control such as Plaintiff.  Defendant County was fully aware of this lack of supervision and has continued to operate in such a manner.

Am. Compl. ¶ 25.

The Court dismissed Plaintiff's original complaint for failing to meet the second part of the four-part test set out above. The custom alleged in the original complaint was an "ignore all policies" attitude. As to that custom, the complaint's conclusory allegations regarding knowledge were insufficient. The above quotation shows that Plaintiff has made no changes to her complaint regarding the "ignore all policies" custom. Thus, her complaint remains deficient as to policymaker knowledge of such custom.

Plaintiff appears to also be alleging that the policy of the County was to fail to provide juveniles in its care with proper medical treatment. This allegation has the same problem as the "ignore all policies" custom had: Plaintiff nowhere alleges that County policymakers had any knowledge of inadequate medical care in the juvenile facility. Plaintiff's allegations of knowledge regarding inadequate treatment only reach as far as on-site nurses and officers, and Plaintiff has not alleged that these people are policymakers for the County. Thus, to the extent that the alleged policy or custom is a failure to provide proper medical treatment, the Amended Complaint fails to state a section 1983 claim.

A third peg on which Plaintiff attempts to hang her hat is inadequate supervision of the on-site nurses and officers. Plaintiff's complaint states that the County should have had a licensed physician at the juvenile facility to treat medical issues and supervise the other medical staff. Plaintiff has again failed to meet her burden of pleading. Plaintiff has nowhere alleged that the constitutional violation claimed in her complaint was a "highly predictable consequence" of a failure to have a physician on site. It is questionable whether Plaintiff even alleges that the claimed constitutional violation is a *consequence* of the failure to have a physician at the facility, much less

6

a highly predictable one.

Finally, Plaintiff claims that the on-site staff were inadequately trained to deal with the medical conditions presented by juveniles such as M.G.  Here again Plaintiff has not claimed that the alleged violation was a "highly predictable consequence" of the alleged failure to train.  Plaintiff alleges only that there was a failure to train the facility employees and that her son was injured; she does not allege that the injury was highly predictable.

Plaintiff's amended complaint, then, fails to state a claim for section 1983 relief against Victoria County.  The basic flaw is the same on each of the various theories for recovery: Plaintiff nowhere ties the alleged events that occurred in the facility itself (the misdiagnosis of her son's illness) to higher policy or knowledge.

### B. Individual Defendants

Defendant also argues that Plaintiff has not stated a claim for relief against the individual defendants because Plaintiff's allegations against those defendants do not amount to "deliberate indifference" but instead rise only to the level of negligence.

Plaintiff has not met the second half of the pleading burden described above.  She has not alleged that any of the individual defendants *actually drew* the inference, based on M.G.'s exhibited physical symptoms, that their failure to take him to a physician or do more than give him antacids and Pepto-Bismol would create an excessive risk to M.G.'s health.  Deliberate indifference is a high standard, and Plaintiff has not met it here; at most, she has pleaded negligence.  Thus, Plaintiff's complaint does not adequately state a claim for relief against the newly added individual defendants.

### Leave to Amend

Plaintiff's response asks for leave to amend to correct any deficiencies.  Leave to amend

should be "freely give[n] . . . when justice so requires."  FED. R. CIV. P. 15(a)(2).  While Plaintiff

has already had once chance to amend, because the deficiency is of failure to plead adequate factual

basis rather than a failure of legal theory, the Court believes that Plaintiff should have a further

opportunity to amend her complaint to address the problems discussed herein.

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  Plaintiff's request

for leave to amend is GRANTED.  Plaintiff shall file an amended complaint within FIFTEEN (15)

DAYS of this order.

Trial is currently set for March, 2009.  In view of this ruling, that trial setting is VACATED.

So ORDERED.

Signed this 27th day of February, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE