IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **VELMA TORRES, as next friend of M.G., a minor child,** § § § | | |
| **Plaintiff,** § § | | |
| v. § § | **CIVIL ACTION V-08-13** | |
| **VICTORIA COUNTY, TEXAS; RISE KONARIK; HANNAH FARIAS; HAROLD MCLEMORE; and CARI HELWEG,** § § § § § § | | |
| **Defendants.** § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Second Supplemental Motion to Dismiss (Dkt. No. 39), which seeks dismissal of Plaintiff's Second Amended Complaint as to defendant Victoria County. (Dkt. No. 36.) Plaintiff has responded to this motion. (Dkt. No. 42.) Having considered the motion, the response, and the relevant law, the Court finds that Defendant's motion to dismiss should be GRANTED.

### Factual and Procedural Background

Plaintiff alleges that her son, M.G., was housed in a juvenile detention facility in Victoria County. She states that M.G. fell ill, but the facility's employees did not promptly or properly treat him, forcing him to fill out paperwork in order to be treated despite experiencing stomach pain severe enough to cause him difficulty moving in and out of his bunk. Once he was finally treated, Plaintiff claims, the facility told M.G. that he only had a stomach virus. A few days later, M.G. was released, whereupon Plaintiff took him directly to a doctor. M.G. was admitted to the hospital and underwent surgery for infected intestines and a perforated appendix.

The Court dismissed Plaintiff's original complaint for failure to state a claim on which relief could be granted. (Dkt. No. 22.) The Court granted Plaintiff leave to file an amended complaint. (*Id.*) Plaintiff subsequently filed her First Amended Complaint (Dkt. No. 26), which the Court also dismissed, again allowing Plaintiff an opportunity to amend. (Dkt. No. 34.)

**Legal Standards**

**A. Motion to Dismiss Standard**

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in her favor. *See, e.g.*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957), "no set of facts" standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plausibility, as contrasted with speculation, is the touchstone: plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 1974; *Nationwide Bi-Weekly Admin. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

**B. Municipal Liability Standard**

Under 42 U.S.C. § 1983, a county may be held liable only for constitutional violations resulting from policy or custom. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). There is no respondeat superior liability under section 1983. *Id.* Thus, to state a section 1983 claim against a municipality, Plaintiff must allege that "1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred [by a person acting under the color of state law]; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children v. G.B. Gunn*, 81 F.3d 521, 532-33 (5th Cir.1996). Plaintiff must also assert that the municipality's inadequate policy or custom was adopted with deliberate indifference to the constitutional rights of its citizens. *City of Canton v. Harris*, 489 U.S. 378, 387-91 (1989). To state a claim for "failure to train or supervise," Plaintiff must allege that the constitutional violation was a highly predictable consequence of such failure or failures. *Brown*, 520 U.S. at 409.

**Analysis**

The Court dismissed Plaintiff's original complaint and first amended complaint for failing to meet the second part of the four-part test set out above. Her complaint was deficient as to the policy-makers' knowledge of the alleged customs. In the instant complaint, Plaintiff alleges two customs: (1) an "ignore all policies" attitude; and (2) to "ignore the complaints of those incarcerated and under their control." (Dkt. No. 36 ¶¶ 15, 30.) As to the first alleged custom, Plaintiff's second amended complaint is identical to the previously dismissed complaint. Plaintiff does not put forth that a policy-maker knew of the "ignore all policies" custom. To correct the deficiency pointed out in the prior dismissal, Plaintiff has provided only a "formulaic recitation of the elements." *Twombly*, 127 S.Ct. at 1965. To show the policy-makers' knowledge of the custom, Plaintiff states that the "County and its policy maker were aware." (Dkt. No. 36 ¶ 15.) But Plaintiff provides no factual

3

basis for her conclusory statement. Plaintiff never identifies the policy-makers, nor how the policy-makers were aware of the alleged custom. Plaintiff's allegations of knowledge regarding inadequate treatment only reach as far as on-site nurses and officers, and Plaintiff has not alleged that these people are policy-makers for the County. While the complaint does not need to allege all the facts of the case, it does not suffice to allege no facts at all. Thus, to the extent that the alleged policy or custom is to ignore all policies or to fail to provide proper medical treatment, the second amended complaint fails to state a section 1983 claim.

Plaintiff also alleges inadequate supervision of the on-site nurses and officers. Plaintiff's complaint states that the County should have had a licensed physician at the juvenile facility to treat medical issues and supervise the other medical staff. Plaintiff has again failed to meet her burden of pleading. Presumably based on this Court's comments that the Plaintiff must allege that the violation was a "highly predictable consequence" of the failure to train or supervise, Plaintiff added a sentence to her complaint: "Such continued operation under these circumstances made it *highly predictable* that someone such as M.G. would inevitably be injured." (Dkt. No. 36 ¶ 28 (emphasis added).) However, Plaintiff again provides no facts to support this conclusory statement.

As to Plaintiff's allegations that the on-site staff were inadequately trained to deal with the medical conditions presented by juveniles such as M.G., Plaintiff has not remedied the defect present in her last complaint. Plaintiff's second amended complaint contains identical language to the previously dismissed complaint. Plaintiff has not claimed that the alleged violation was a "highly predictable consequence" of the alleged failure to train. Plaintiff alleges only that there was a failure to train the facility employees and that her son was injured; she does not allege that the injury was highly predictable.

Plaintiff's second amended complaint, then, fails to adequately state a claim for section 1983 relief against Victoria County. The basic flaw is the same on each of the various theories for

4

recovery: Plaintiff nowhere ties the alleged events that occurred in the facility itself (the misdiagnosis of her son's illness) to higher policy or knowledge.

## Leave to Amend

Plaintiff's response asks for leave to amend to correct any deficiencies. Leave to amend should be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). "Unless there is a 'substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *J.R. Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (citations omitted). Such a substantial reason exists if the motion to amend is futile. *See id.* The Fifth Circuit has held that an amendment is futile when it "would fail to state a claim upon which relief could be granted." *Id.* Plaintiff has had two previous chances to amend, and the Court now believes that any further amendments would be futile.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's request for leave to amend is DENIED.

It is so ORDERED.

Signed this 8th day of October, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE